LAW OFFICES OF ERNEST SASSO
By: Ernest Sasso, Esquire
Pennsylvania Attorney Identification No. 34883
2300 Computer Avenue, Suite M-69
Willow Grove, Pennsylvania 19090–1745
215-706-2000 [Telephone]
215-598-0977 [Fax]
<intllaw@ernestsasso.com> [E-Mail]

Attorney for Plaintiffs RYAN MEALEY,
MATTHEW MEALEY, and DAN MEALEY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| RYAN MEALEY, MATTHEW MEALEY, and DAN MEALEY : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Case No. |
| : | |
| SPRINKLES CUPCAKES, INC.. : | |
| : | |
| Defendant. : | |

_____:

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, by and through their undersigned counsel, aver as follows:

## NATURE OF ACTION

1.      This is an action for declaratory judgment under the Federal Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant

to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338 in that this Complaint raises federal

questions arising under the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. §

1051, *et seq.*, and arising out of interstate commerce, 15 U.S.C. § 1127.

3.      This Court has personal jurisdiction because Sprinkles Cupcakes, upon information and belief, conducts business in the Commonwealth of Pennsylvania, and has sold products which are the subject of this action in this district.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and 1391(c).

## PARTIES

5.      Plaintiff Ryan Mealey, a natural person, is domiciled in the Commonwealth of Pennsylvania.

6.      Plaintiff Matthew Mealey, a natural person, is domiciled in the Commonwealth of Pennsylvania.

7.      Plaintiff Dan Mealey, a natural person, is domiciled in the Commonwealth of Pennsylvania.

8.      Plaintiffs Ryan Mealey and Matthew Mealey (collectively, "the Mealeys") are siblings, and are the children of Plaintiff Dan Mealey (collectively—in tandem with his children—"the Plaintiffs").

10.     Defendant Sprinkles Cupcakes, Inc. ("Sprinkles Cupcakes" or "Defendant") is a California corporation with its principal place of business at 9635 Santa Monica Boulevard, Beverly Hills, California 90210-4401.

## FACTS

11.     On June 19, 2009, the Mealeys opened the first of four frozen-yogurt stores under the name of "Sprinkles Yogurt" in Cherry Hill, New Jersey. Plaintiffs expect to open their second shop on or about September 10, 2009, in Philadelphia, near the University of Pennsylvania campus; two more facilities are scheduled to open in the latter part of 2009 in West

Chester and Malvern, Pennsylvania. The Mealeys further intend to open four additional frozen-yogurt stores in 2010.

12.     Concomitant with the opening of the New Jersey store on June 19, 2009, the *Philadelphia Business Journal* ("PBJ") featured an article about the Mealeys' venture entitled "Sibs seek to Sprinkles area with yogurt." Throughout the article, the Mealeys' store, Sprinkles Yogurt, was repeatedly shortened and referred to as "Sprinkles," and not the proper name of "Sprinkles Yogurt." The nomenclature of "Sprinkles" is solely the reporter's term; throughout their interview with the PBJ staff writer, the Mealeys used the name "Sprinkles Yogurt" only to identify their new venture.

13.     Shortly after publication of the PBJ article, the Mealeys received a letter from Hollis Beth Hire, an attorney at Wilson Sonsini Goodrich & Rosati ("Wilson Sonsini"), counsel to Sprinkles Cupcakes. A copy of that letter is attached as Exhibit A hereto. Ms. Hire claimed that her client "recently became aware that [the Mealeys] have adopted the name 'Sprinkles' for a chain of frozen yogurt stores." In her letter, Ms. Hire repeatedly referred to her client, Sprinkles Cupcakes, as "Sprinkles," and averred that "Sprinkles" owned three U.S. trademark registrations, which she identified by registration number and name.

The trademark registrations referenced by Ms. Hire for Sprinkles Cupcakes—Registration Numbers 3271643 and 3250609—featured product and store images exclusively named "Sprinkles Cupcakes," and incorporated an express disclaimer for use of the term " 'CUPCAKES' apart from the mark as shown."

In her letter, Ms. Hire further claimed that Sprinkles Cupcakes was concerned that the Mealeys' "adoption and use of the name 'Sprinkles' [wa]s likely to cause confusion among consumers who may believe that [the Mealeys] products and stores are offered by, associated

with, or approved by Sprinkles." Ms. Hire requested that the Mealeys refrain from further use of "the SPRINKLES name or mark or any other similar trademarks . . . [and that they] transition away from the SPRINKLES brand in connection with [the Mealeys'] business."

14.     On July 23, 2009, the Mealeys' undersigned attorney sent a letter to Ms. Hire in reply to her original communication. A copy of this letter is attached hereto as Exhibit B. Counsel's reply set forth the contention that the Mealeys' nomenclature for their frozen yogurt brand was dissimilar from, and would not cause confusion with the trademarks registered by Ms. Hire's client, Sprinkles Cupcakes.

15.     On August 6, 2009, in reply to the undersigned counsel's letter, Ms. Hire sent an e-mail communication repeating her client's contention that the Mealeys' "continued use of the SPRINKLES name or mark [wa]s likely to cause confusion" and would be violative of "the nation-wide [sic] trademark protection that Sprinkles' federal registrations convey." A copy of this communication is attached hereto as Exhibit C.

Ms. Hire identified two additional U.S. trademark registrations putatively incorporating "the SPRINKLES mark," and attached to her communication the PBJ article repeating the reporter's assertion that the Mealeys' "shops will be known . . . as . . . 'Sprinkles.'" Claiming that the marks were "identical," not merely "highly similar," Ms. Hire averred that cupcakes and frozen yogurt "are highly related in the minds of consumers, as all are popular retail dessert items, even often found at the same location." Ms. Hire reiterated her request that the Mealeys totally "transition away from the SPRINKLES brand in connection with their business."

16.     On August 21, 2009, Plaintiffs, through their undersigned attorney, filed an Intent-to-Use ("ITU") trademark Application (Serial Number 77810064) with the United States Patent and Trademark Office for the mark SPRINKLES YOGURT. With the opening of their

first Pennsylvania facility, Plaintiffs intend to amend the ITU Application to reflect the interstate

venue of their retail store product(s) and services featuring frozen yogurt.

17.     Defendant's claims and demands have created a reasonable apprehension of

litigation against Plaintiffs, and the Mealeys in particular, and have placed a cloud over the

Mealeys' ability to use the term "Sprinkles" in connection with their business, as well as use of

the name "Sprinkles Yogurt" to identify their business.

18.     Plaintiffs intend to continue to devote substantial resources to the development

and expansion of their frozen-yogurt stores. Defendant's claims and demands impair their ability

to carry on this business.

19.     An actual controversy thus exists between the parties based on Defendant's

claims and demands.

20.     So that they may continue to use the term "Sprinkles" and identify their store(s) as

"Sprinkles Yogurt" without interference by Defendant, Plaintiffs, and the Mealeys in particular,

desire to promptly resolve this controversy and establish that they are not infringing or otherwise

violating any trademark rights of Defendant.

## COUNT I
## DECLARATION THAT PLAINTIFFS' USE OF "SPRINKLES" AND "SPRINKLES YOGURT" DOES NOT CONSTITUTE INFRINGEMENT, UNFAIR COMPETITION, DILUTION, OR ANY OTHER TRADEMARK-BASED ACTION

21.     Plaintiffs reallege and incorporate by reference the allegations adumbrated in

paragraphs 1 through 20 hereof as if set forth herein in full.

22.     Plaintiffs use of "Sprinkles" and "Sprinkles Yogurt" in connection with their

product line, retail store services, and promotional material does not constitute infringement,

unfair competition, dilution, or otherwise violate any right of Defendant under the Lanham Act,

15 U.S.C. §§ 1114(1) or 1125.

## COUNT II
### DEFENDANT'S ALLEGED MARK "SPRINKLES" IS GENERIC, HAS NOT ACQUIRED DISTINCTIVENESS, AND THEREFORE IS NOT ENTITLED TO TRADEMARK PROTECTION

23.    Plaintiffs reallege and incorporate by reference the allegations adumbrated in paragraphs 1 through 22 hereof as if set forth herein in full.

24.    The widespread use of "sprinkles" throughout the food industry, etc. establishes that the term refers to a topping or additive, and is thus clearly generic and not capable of trademark protection. To afford trademark status to the generic name of a product or service—sprinkles—would prevent all other users of the product or service from identifying it.

Pursuant to 15 U.S.C. § 1119, the United States Patent and Trademark Office should be directed to cancel Defendant's registration of the "Sprinkles" mark—Registration Number 3306772.

## COUNT III
### DEFENDANT'S ALLEGED MARK "SPRINKLES" IS DESCRIPTIVE, HAS NOT ACQUIRED DISTINCTIVENESS, AND THEREFORE IS NOT ENTITLED TO TRADEMARK PROTECTION

25.    Plaintiffs reallege and incorporate by reference the allegations adumbrated in paragraphs 1 through 24 hereof as if set forth herein in full.

26.    The widespread use of "sprinkles" throughout the food industry, etc. establishes that the term refers to a topping or additive, is merely descriptive, and thus not capable of trademark protection. On February 2, 2009, the United States Patent and Trademark Office disallowed registration of the mark SALAD SPRINKLES (Serial Number 77605554) on the grounds that the term "SALAD" "was merely descriptive of a food item which the applicant's

goods are to be used," and that the term "SPRINKLES" "was merely descriptive of how the goods are to be used, namely, as a topping for particular foods."

Pursuant to 15 U.S.C. § 1119, the United States Patent and Trademark Office should be directed to cancel Defendant's registration of the "Sprinkles" mark—Registration Number 3306772.

## COUNT IV
## ALTERNATIVELY, PLAINTIFFS' USE OF "SPRINKLES" CONSTITUTES FAIR USE UNDER THE LANHAM ACT

27.     Plaintiffs reallege and incorporate by reference the allegations adumbrated in paragraphs 1 through 26 hereof as if set forth herein in full.

28.     Plaintiffs have not used the term "Sprinkles" as a trademark; their use of "Sprinkles Yogurt" is descriptive of, used fairly, correctly, and in good faith only to describe Plaintiffs' product line and goods. Moreover, there is no likelihood of confusion concerning the origin of the competing products—Plaintiffs' "Sprinkles Yogurt" and Defendant's Sprinkles Cupcakes.

29.     Plaintiffs use of the term "Sprinkles" and "Sprinkles Yogurt" therefore constitutes a fair use under the Lanham Act, 15 U.S.C. §§ 1115(b)(4), barring Defendant's claims of trademark infringement and unfair competition.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ryan Mealey, Matthew Mealey, and Dan Mealey accordingly pray for judgment as follows:

1. For a declaration that Plaintiffs' use of the term "Sprinkles" and "Sprinkles Yogurt," in connection with their product line and retail store services, does not violate the Lanham Act, 15 U.S.C. § 1125;

2. For a declaration that Defendant's trademark of "SPRINKLES" should be cancelled because its use of the common descriptive term "Sprinkles" for its cupcakes is generic and is thus not properly registerable as a trademark.

3. For a declaration that Defendant's trademark of "SPRINKLES" should be cancelled because its use of the common descriptive term "Sprinkles" for its cupcakes is merely descriptive and is thus not properly registerable as a trademark.

4. For Plaintiffs' attorneys' fees;

5. For Plaintiffs' costs and disbursements in this action; and

6. For such other and further equitable and legal relief as the court shall find just and proper.

Respectfully submitted,

LAW OFFICES OF ERNEST SASSO

Dated: September 4, 2009          By: _____

Ernest Sasso
Attorney for Plaintiffs
RYAN MEALEY, MATTHEW MEALEY,
and DAN MEALEY